IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PATRICIA K. HARLOW, | ) | 8:05CV486 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE,[1] | ) | |
| Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On June 7, 2006, this Social Security case was reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel has now filed a motion for an award of attorney fees under 42 U.S.C. § 406(b),[2] representing that a fully favorable decision was issued by the Commissioner on

---

[1] Michael J. Astrue, who was sworn in as the Commissioner of Social Security on February 12, 2007, *see* http://www.ssa.gov/pressoffice/pr/astrue-pr.htm, is substituted as Defendant.

[2] Section 406(b) provides in part:

>   (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

January 4, 2008, and that Plaintiff was awarded $42,798.40 in past-due benefits. Plaintiff's counsel asks the court to approve an award of attorney fees to be paid out of the past-due benefits. (Filing 25.) Plaintiff's counsel did not previously request an award of attorney fees from this court under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

In support of the § 406(b) motion, Plaintiff's counsel has filed an affidavit stating that he and Plaintiff contracted for a contingent fee equal to 25% of any past-due benefits awarded; that a total of 47.10 hours were devoted to filing and briefing the appeal in this court between August 2005 and March 2006; that sometime after Plaintiff was awarded past-due benefits of $42,798.40, application was made to the administrative law judge ("ALJ") for approval of a 25% contingent fee in the amount of $10,699.60; and that the ALJ awarded Plaintiff's counsel $5,175.00 for time spent on the case before the Social Security Administration while leaving open the question of fees for services performed before the district court. Plaintiff's counsel asks this court to award additional attorney fees of $5,524.60 (representing the difference between $10,699.60 and $5,175.00). The Commissioner has responded to the motion simply by confirming that Plaintiff was awarded $42,798.40 in past-due benefits and requesting "that the Court review Plaintiff's attorney's request and award a reasonable fee." (Filing 29.) There is no indication whether the Commissioner has withheld payment of a portion of Plaintiff's past-due benefits in anticipation of an award of attorney fees by this court.

Unlike the EAJA, 42 U.S.C. § 406(b) does not authorize the prevailing party to recover fees from the losing party. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). "Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery." *Id.* Also, "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable

results in particular cases." *Id.* at 807. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.' Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186." *Id.* at 796.

"In light of the fact that attorney's fees awarded under the Social Security Act (42 U.S.C.A. § 406(b)) are paid from the claimant's past-due benefits, unlike EAJA fees which are paid by the [Social Security Administration], and the consequent inherent conflict between the claimant and the attorney regarding fees under § 406(b), it is incumbent upon counsel to pursue attorney's fees under EAJA before applying for fees under § 406(b), or justify the failure to do so. A petition for attorney's fees under § 406(b) may be denied as unreasonable where the attorney has failed to file a prior application for fees under EAJA, . . .." 4 *Soc. Sec. Law & Prac.* § 49:140 (Westlaw, Mar. 2009) (footnotes omitted).

Plaintiff's counsel has not made any showing to excuse his failure to apply for an award of attorney fees under the EAJA after this court entered final judgment on June 7, 2006, and an award of fees under the EAJA is no longer possible. "To obtain attorney fees under the EAJA, the prevailing party must submit a fee application 'within thirty days of final judgment in the action.'" *Pottsmith v. Barnhart*, 306 F.3d 526, 527 (8th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(1)(B)).

However, for purposes of determining the amount of attorney fees, if any, to award under § 406(b), it is appropriate to consider the amount of attorney fees that might have been awarded under the EAJA. *See Sangwin v. Astrue*, No. Civ. 04-5309, 2008 WL 5156317 (W.D.Ark. Sep. 2, 2008), report and recommendation adopted as modified by 2008 WL 5156316 (W.D.Ark. Dec. 8, 2008) (§ 406(b) award reduced by amount of EAJA fees that would have been awarded had they been sought, based upon billable hours claimed by plaintiff's attorney and standard EAJA hourly rate);

3

*Iliceto v. Secretary of Dept. of Health and Human Services*, No. CV-83-2160, 1990 WL 186254 (E.D.N.Y. Nov. 14, 1990) (same).

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). It is the practice of the undersigned district judge in Social Security appeals to apply a cost of living adjustment to the statutory maximum fee. Typically this is done by comparing the consumer price index for all urban consumers ("CPI-U") from March 1996 (the effective date of the $125 statutory maximum hourly rate) to the period of time during which the legal services were rendered.

The CPI-U stood at 155.7 in March 1996 and ranged between196.4 in August 2005 and 199.8 in March 2006. *See* U.S. Dept. of Labor, Bureau of Labor Statistics, *Consumer Price Index*, at ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt. The adjusted statutory maximum hourly rate therefore varied from $157.68 (($125.00 x 196.4)/155.7) in August 2005, when Plaintiff's counsel first started working on the appeal, to $160.40 (($125.00 x 199.8)/155.7) in March 2006, when he completed work on a reply brief.

Plaintiff's counsel claims that he devoted a total of 47.10 billable hours to the appeal in this court. Although this seems excessive,[3] for present purposes the court will assume that the total number of billable hours claimed by Plaintiff's counsel is reasonable, and also that the statutory maximum hourly rate, adjusted for inflation,

---

[3] The undersigned district judge has generally approved EAJA fee applications for up to 30 hours of attorney time in a fully-briefed Social Security appeal, and up to 24 billable hours of attorney time where the Commissioner has filed a motion to remand. In the court's experience, in other words, a reply brief generally should not require more than 6 billable hours of attorney time. In the present case, Plaintiff's counsel spent 26.20 hours preparing a reply brief.

4

is reasonable compensation for the services provided. Using these assumptions, the court calculates that Plaintiff's counsel might have recovered up to $7,517.13 if he had applied for an award of attorney fees under the EAJA:

| Date | (CPI-U) | Billable Hours | Maximum Rate | EAJA Fee |
|---|---|---|---|---|
| Aug. 2005 | (196.4) | 0.30 | $157.68 | $   47.30 |
| Sep. 2005 | (198.8) | 1.00 | 159.60 | 159.60 |
| Oct. 2005 | (199.2) | 5.00 | 159.92 | 799.60 |
| Nov. 2005 | (197.6) | 0.30 | 158.64 | 47.60 |
| Dec. 2005 | (196.8) | 13.50 | 158.00 | 2,133.00 |
| Jan. 2006 | (198.3) | 0.20 | 159.20 | 31.84 |
| Feb. 2006 | (198.7) | 0.60 | 159.52 | 95.71 |
| Mar. 2006 | (199.8) | 26.20 | 160.40 | 4,202.48 |
| Totals | | 47.10 | | $7,517.13 |

Because this hypothetical EAJA fee exceeds the $5,524.60 fee that Plaintiff's counsel now seeks to recover out of his client's past-due Social Security benefits,[4] the

---

[4] While it is not necessary to determine the reasonable amount of a § 406(b) fee in this case, the court notes that there is a discrepancy in the evidence regarding the terms of the fee agreement. Plaintiff's counsel states that the agreement "called for a fee to be measured by twenty-five percent (25%) of the total gross amount of all past due benefits," but the agreement which is attached to his affidavit provides for a fee equal to "the lesser of twenty-five percent (25%) of the total gross amount of all past due benefits, combined, . . . or . . . a maximum fee of $5,300.00, if that is less than 25% of the past due benefits." (Filing 25, pp. 4, 7.) The dollar limit presumably was included in the fee agreement in an attempt to comply with 42 U.S.C. § 406(a), which is the provision under which contracted-for attorney fees, not to exceed the lesser of 25% of past-due benefits or $5,300.00, are awarded by the Commissioner. *See* 42 U.S.C. § 406(a)(2)(A)(ii); 67 Fed.Reg. 2477-01, 2002 WL 58099 (2002). The fee agreement was executed on November 26, 2004, which Plaintiff's counsel states was the date that Plaintiff received notice of the ALJ's initial adverse decision. There is no evidence that a new fee agreement was executed to remove the $5,300.00 limit before the Social Security appeal was filed in this court.

§ 406(b) motion will be denied. If the Commissioner has withheld payment of a portion of Plaintiff's past-due benefits in anticipation of the court awarding a fee under § 406(b), those funds should be released to Plaintiff.

    Accordingly,

    IT IS ORDERED that the motion filed by Plaintiff's counsel for an award of attorney fees pursuant to 42 U.S.C. § 406(b) (filing 25) is denied.

    April 13, 2009.         BY THE COURT:

                                    s/ *Richard G. Kopf*
                                    United States District Judge